FINLEY A. JOHNSON, assignee,

*v.*

ADAM HELMSTAEDTER and others.

1. In pleading, a statement of matters of fact in the form of charge, is sufficient, on general demurrer, where it is evident that a statement by way of allegation or averment was intended by the pleader.

2. An assignee in bankruptcy may sue in this court to recover property conveyed by the debtor to defraud his creditors.

---

Bill for relief. On general demurrer.

*Mr. S. Kalisch,* for the demurrant.

*Mr. F. A. Johnson, in pro. pers.*

Johnson *v.* Helmstaedter.

THE CHANCELLOR.

The bill is filed by the assignee in bankruptcy of Christian Sauerwein, against Adam Helmstaedter and Sauerwein's wife. It states that Christian Sauerwein and William Sauerwein were duly adjudicated bankrupts by the United States district court for the district of New Jersey, on petition of their creditors, on the 13th of January, 1877; that on the 20th of February following, the complainant was duly appointed their assignee in bankruptcy, and that an assignment of all their property was then made to him. It further states that Christian Sauerwein, and Eva, his wife, on the 8th of July, 1876, by deed of that date, conveyed to Helmstaedter a lot of land therein described, situated in Newark. It *charges* that that conveyance was made without consideration in law or in fact, and for the purpose of placing that land out of the reach of Christian Sauerwein's creditors. It further states that Helmstaedter, on the 8th of November, 1876, conveyed the property to the defendant Eva Sauerwein, and it *charges* the truth to be that that conveyance was also without consideration in law or in fact, and was made for the purpose of transferring the title to the property to Sauerwein's wife, for the purpose of defrauding the creditors of the bankrupts; and that the property ought to be decreed by this court to be the property and estate of Christian Sauerwein, or of the complainant as his assignee; and that the title ought to vest in the complainant, as such assignee, for the benefit of the creditors of the bankrupts.

The defendants demur to the bill for want of equity.

There are facts stated and averments made sufficient, if established by proof, to warrant a decree in favor of the complainant. It is alleged, in the stating part of the bill, that the conveyances which it seeks to set aside as fraudulent, were without consideration, and were made for the purpose of transferring the title of the property to Eva Sauerwein, to defraud the creditors of the bankrupts. Though the word "charge" is used, yet it is evident that the pleader

intended to allege or aver the fact.  No objection was made on the argument to the ·form of the averment, but it was urged that it is not sufficient, because no facts are stated. It is enough to allege that the deeds were without consideration, and were designed merely to defraud creditors, and the defendants will be bound to answer the averment.  A general charge or statement of the matter of fact is sufficient, and it is not necessary to charge minutely all the circumstances which may conduce to prove the general charge; for these circumstances are properly matters of evidence, which need not be charged in order to let them in as proof.  *Story's Eq. Pl.* § 28; *Nesmith* v. *Calvert*, 1 *Woodb. & M.* 34; *Rogers* v. *Ward*, 8 *Allen* 387; *Houghton* v. *Reynolds*, 7 *Jur.* 414.

The defendants insist that the complainant cannot, merely as assignee in bankruptcy, maintain an action to set aside conveyances of property made by the bankrupt in fraud of his creditors.  But this position cannot be maintained.  An assignee in bankruptcy is expressly vested with the title of the bankrupt in all the property conveyed away by the latter in fraud of his creditors.  *Bankrupt Law* § 14.  And, as representing creditors, he may sue for such property in equity. *Carr* v. *Hilton*, *Curt.* 230; *Bump on Fraud. Conv.* 519, 520; *Bradshaw* v. *Klein*, 7 *Am. Law Reg.* (*N. S.*) 505; *Ward* v. *Van Bokkelen*, 2 *Paige* 289.  And such suits may be maintained in the state courts.  *Cook* v. *Whipple*, 55 *N. Y.* 150; *Ward* v. *Jenkins*, 10 *Metc.* 583; *Mays* v. *Manuf. National Bank*, 64 *Pa. St.* 74.

The demurrer will be overruled, with costs.